# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**PATRICK BEETS,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0157** (BOR Appeal No. 2053522)
                        (Claim No. 2016030814)

**CITY OF CHARLESTON,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Patrick Beets, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The City of Charleston, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is the denial of a request for medical treatment. On May 18, 2017, the claims administrator denied a request to authorize a Monovisc injection to treat the compensable conditions in the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order in a Decision dated September 20, 2018. This appeal arises from the Board of Review's Order dated January 30, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 4, 2016, Mr. Beets, a first responder/firefighter, injured his right knee while attempting to start a saw. A Report of Occupational Injury application was completed by MedExpress on June 6, 2016. The staff at MedExpress found that Mr. Beets had an occupational injury to his right knee and he could only perform modified duties. The claims administrator held the claim compensable for right knee sprain on June 14, 2016. On June 29, 2016, the claims administrator granted authorization for physical therapy. Mr. Beets was referred for an orthopedic consultation on July 21, 2016.

On July 21, 2016, Mr. Beets treated with John Pierson, M.D., an orthopedist, for evaluation of his right knee injury. Dr. Pierson diagnosed derangement of the posterior horn of the medial meniscus of the right knee due to an old tear or injury and bilateral primary osteoarthritis of the knee. Dr. Pierson recommended a partial medial meniscectomy and possible chondroplasty of the patella. It was noted that Mr. Beets was unable to work until August 30, 2016.

On August 9, 2016, Mr. Beets underwent a right knee partial medial meniscectomy and chondroplasty of the right patella and medial femoral condyle. The preoperative diagnosis was right knee medial meniscus tear. The postoperative diagnoses were right knee medial meniscus tear and right knee degenerative joint disease. The surgery revealed Grade 2 chondromalacia of the patella, Grade 2 chondromalacia of the medial femoral condyle and a complex macerated tear of the posterior horn of the medial meniscus. Mr. Beets continued to treat with Dr. Pierson, who injected his right knee with Depo-Medrol on September 2, 2016. Mr. Beets returned to Dr. Pierson on October 14, 2016, with complaints of knee pain when walking up and down steps. He also reported left knee catching and popping. An x-ray taken of his right knee revealed arthritis and progressive medial joint space narrowing. Dr. Pierson diagnosed Mr. Beets with a tear of the medial meniscus, current injury, right knee, subsequent encounter bilateral primary osteoarthritis of the knee. On October 31, 2016, Mr. Beets received a Monovisc injection to his right knee by Dr. Pierson.

Mr. Beets was evaluated by Prasadarao Mukkamala, M.D., on December 6, 2016. On December 7, 2016, Dr. Mukkamala reported that the claim was compensable for a right knee sprain. Dr. Mukkamala examined Mr. Beets and found that he walked with a fairly normal gait with no limp. Dr. Mukkamala stated that the diagnosed right knee sprain is superimposed on preexisting degenerative arthrosis. He also diagnosed status post partial medial meniscectomy and chondroplasty of the patella and right medial condyle. Dr. Mukkamala opined that Mr. Beets's meniscal tear was related to the compensable injury. However, he did not believe that the compensable injury needed any further treatment. Dr. Mukkamala found that Mr. Beets had reached his maximum degree of medical improvement with 1% impairment pursuant to the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993).

Dr. Pierson completed a Diagnosis Update form on January 5, 2017, to request that a tear of the medial meniscus of the right knee, unilateral posttraumatic osteoarthritis of the right knee, and degenerative changes be recognized as additional compensable conditions in the claim. It was noted that the Monovisc injection administered on October 31, 2016, improved Mr. Beets's right knee symptoms. In an Office Note dated January 16, 2017, Dr. Pierson stated that Mr. Beets's knee symptoms would likely preclude him from returning to his pre-injury level of occupation. Dr. Pierson reported that his medial joint space narrowing had progressed substantially since his original x-rays, indicating that his posttraumatic arthritis was worsening. On January 26, 2017, Dr. Pierson authored a letter to "To Whom it May Concern" concluding that Mr. Beets was presumed to be totally and permanently incapacitated for the requirements of the police officer or firefighter pension.

On February 28, 2017, Mr. Beets was evaluated by Paul Bachwitt, M.D., for total permanent disability consideration. In his report, Dr. Bachwitt noted that Mr. Beets underwent a Monovisc injection to the right knee on October 31, 2016, and reported improvement due to the injection. Dr. Bachwitt diagnosed a right knee sprain, a tear of the right medial meniscus, and status post right knee arthroscopy with a partial medial meniscectomy and condroplasty of the patella and the medial femoral condyle. Dr. Bachwitt wrote that Mr. Beets remained totally and temporarily incapacitated from performing the duties of a firefighter.

Mr. Beets saw Ramanathan Padmanaban, M.D., on April 13, 2017, for a medical evaluation to determine whether he was physically capable of returning to work as a fireman. At the time of his evaluation, Mr. Beets had right knee pain and swelling. He was not able to perform deep knee bends or squats. Dr. Padmanaban also noted that Dr. Pierson reported that Mr. Beets experienced improvement after receiving a Monovisc injection. After examining Mr. Beets, Dr. Padmanaban concluded that the disability was presumed to be totally and permanently incapacitating and the requirements of the job could not be satisfied.

By claims administrator Order dated May 18, 2017, Mr. Beets's authorization request for a Monovisc injection was denied. The claims administrator found that Dr. Mukkamala stated that Mr. Beets needed no further treatment for his compensable injury and that the appearance of the macerated meniscus during surgery indicates a chronic pre-existing issue. Mr. Beets protested the claims administrator's decision.

On September 28, 2018, the Office of Judges affirmed the May 18, 2017, claims administrator Order denying the request for a Monovisc injection. In the decision, the Office of Judges stated that the claim was obviously compensable for more than a right knee sprain. However, the Office of Judges noted that the problem with Mr. Beets's evidence was that the claim is compensable for a right knee sprain and, more likely than not, a partial medial meniscectomy. However, Dr. Pierson, in his January 15, 2018, Medical Statement, indicated that the Monovisc injection treats right knee degenerative joint disease. The Office of Judges concluded that the request for a Monovisc injection is not reasonably required medical treatment for the compensable condition in the claim. The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed the denial of the request for a Monovisc injection on January 30, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The reliable medical evidence on record establishes that Mr. Beets does not reasonably require a Monovisc injection for treatment of the compensable right knee sprain. The medical record suggests that the Monovisc injection would be more likely than not to treat age-related degeneration of the right knee.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman